# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KEN CLARK, Warden,<br><br>　　　　Respondent. | Case No.: 1:20-cv-00667-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  After conducting a preliminary screening of the petition, it appears that the petition fails to present any cognizable grounds for relief.  Therefore, the Court will recommend that the petition be SUMMARILY DISMISSED.

**I.**　　**PROCEDURAL HISTORY**

On October 6, 1988, Petitioner was convicted in the Contra Costa County Superior Court of felony murder, felony kidnapping, and felony robbery.  (Doc. 1 at 1-2.)  On November 3, 1988, he was sentenced to a term of life without possibility of parole.  (Doc. 1 at 1.)  Petitioner appealed to the California Court of Appeal, First Appellate District, and the appeal was denied.  (Doc. 1 at 2-3.)  Petitioner then filed a petition for review in the California Supreme Court, and the petition was denied.  (Doc. 1 at 3.)

On April 1, 2018, Petitioner filed a petition for writ of habeas corpus in the Contra Costa Superior Court seeking relief under (1) Cal. Penal Code § 3051/Senate Bills 260 & 261, and (2) the Ex Post Facto Clause of the U.S. Constitution. (Doc. 1 at 9.) The petition was rejected in a reasoned decision on April 30, 2018. (Doc. 1 at 11.) Petitioner then filed a petition seeking a writ of habeas corpus declaring him eligible for a Youthful Offender Parole Hearing under Cal. Penal Code § 3051 in the California Court of Appeal for the First Appellate District. (Doc. 1 at 14.) The petition was denied in a reasoned decision on April 25, 2019. (Doc. 1 at 14.) Petitioner then filed a petition for review in the California Supreme Court, and the petition was summarily denied on June 19, 2019. (Doc. 1 at 16.) Petitioner next filed a habeas petition in the Ninth Circuit Court of Appeals, but the petition was denied because Petitioner had not first petitioned for habeas relief in the appropriate U.S. District Court. (Doc. 1 at 18.)

On January 30, 2020, Petitioner filed the instant federal habeas petition in the United States District Court for the Northern District of California. Because venue is proper in the Eastern District, the Northern District transferred the petition to this Court on May 8, 2020.

## II.     DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Petitioner states he was a youthful offender under 23 years of age at the time of his controlling offense. He claims that under Cal. Penal Code § 3051(B)(4) and Senate Bill 261, he is entitled to a youthful offender parole hearing. The state courts determined that he is statutorily ineligible. Petitioner is challenging the state court's application of state sentencing laws. Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). This Court is bound by the state court's interpretation of how the state sentencing statute applies to convictions such as Petitioner's. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam).

Moreover, Petitioner has failed to demonstrate any sentencing error. Cal. Penal Code § 3051(b)(4) states:

> A person who was convicted of a controlling offense that was committed before the person had attained 18 years of age and for which the sentence is life without the possibility of parole shall be eligible for release on parole at a youth offender parole

hearing during the person's 25th year of incarceration. The youth parole eligible date for a person eligible for a youth offender parole hearing under this paragraph shall be the first day of the person's 25th year of incarceration.

However, Cal. Penal Code 3051(h) specifically excludes from consideration those cases where the "individual is sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age."  In this case, Petitioner was sentenced to life without the possibility of parole for a crime committed in 1981.  (Doc. 1 at 9.)  Petitioner's date of birth is October 30, 1962.  (Doc. 1 at 5.)  As Petitioner admits, he committed the offense when he was 19 years of age. (Doc. 1 at 5.)  Therefore, he is statutorily ineligible for a youthful offender parole hearing.

Petitioner fails to state a cognizable federal habeas claim, and the petition should be dismissed.

### III.   ORDER

The Clerk of Court is DIRECTED to assign a District Judge to this case.

### IV.   RECOMMENDATION

For the foregoing reasons, the Court HEREBY RECOMMENDS that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED with prejudice for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __May 14, 2020__                           /s/ *Sheila K. Oberto*

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

UNITED STATES MAGISTRATE JUDGE